ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| MYRIAM BETANCOURT LÓPEZ Y OTROS<br><br>Parte Apelada<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Parte Apelante | KLAN202400330 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: F DP2013-0423 (406)<br><br>Sobre:<br>Sentencia Declaratoria; Obligación de la Aseguradora de Proveer Defensa a su Asegurado |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 15 de julio de 2024.

Comparece Servicios Médicos Universitarios, Inc. ("Apelante" o "SMU") mediante recurso de *Apelación* y solicita la revisión de la *Sentencia Parcial* emitida el 23 de enero de 2024 y notificada el 25 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"). Mediante el referido dictamen, el TPI declaró *Ha Lugar* una solicitud de sentencia sumaria parcial presentada por Triple-S Propiedad, Inc. ("Apelado" o "Triple-S") y, como resultado, desestimó con perjuicio la demanda contra coparte instada por SMU en contra de su aseguradora, Triple-S.

Por los fundamentos que expondremos a continuación, se *Revoca* la *Sentencia Parcial* apelada.

## I.

El 20 de diciembre de 2013, Myriam Betancourt López, Oscar Luis Látimer Negrón, por sí y en representación de su hijo menor de edad, Joseph Oscar Látimer Castro; Wilfredo Iraldo Castro, por sí y en representación de su hermana menor de edad, Wildalys Iraldo Castro, presentaron una demanda sobre daños y perjuicios en contra de, SMU, como administrador del Hospital Federico Trilla en Carolina ("Hospital"), y North Janitorial

Número Identificador
SEN2024_____

Services, Inc. ("North Janitorial"), entre otros. En síntesis, los demandantes alegaron que Griselda Blanco Castro Betancourt falleció como consecuencia de una bacteria que se alojó en su cuerpo mientras se encontraba convaleciendo en el Hospital. Sostuvieron que, SMU fue negligente "en el descargue de sus responsabilidades [...] como [a]dministrador del Hospital" al no ser "diligente a la hora de detectar el brote bacteriano [...] lo que fue la causa [...] de los daños por los cuales se reclama".

Luego de varios trámites procesales, el 29 de febrero de 2016, SMU presentó una demanda contra coparte en contra de Triple-S, como aseguradora de SMU, para que cumpliera con su obligación de proveer defensa y cubierta durante los procedimientos, según dispuesto en la Póliza de Seguros.

Posteriormente, el TPI emitió una *Sentencia Parcial* el 30 de junio de 2017, notificada el 13 de julio de 2017, mediante la cual declaró *Ha Lugar* la demanda contra coparte presentada por SMU en contra de Triple-S. Asimismo, el foro primario le ordenó a Triple-S a proveerle a SMU cubierta dentro de los límites de la póliza y defensa en el pleito de epígrafe.

Tras varias instancias procesales, el 29 de septiembre de 2023, Triple-S presentó una solicitud de sentencia sumaria parcial, en la cual solicitó la desestimación de la demanda contra coparte instada por SMU. Triple-S alegó que, la obligación de cubierta y defensa no se extendía a reclamaciones no cubiertas por la Póliza de Seguros. Asimismo, estipuló como hechos incontrovertidos lo resuelto en los siguientes casos: (1) *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020), y; (2) *Luis Santa Aponte y otros v. Hospital UPR Federico Trilla y otros*, Civil Núm. F DP2014-0109 (402). Arguyó que, lo determinado en los referidos casos, era de aplicación en el pleito de epígrafe, toda vez que las cláusulas de exclusión de las pólizas allí evaluadas contenían el mismo lenguaje que la póliza expedida a favor de SMU. En específico, sostuvo que, conforme a la interpretación realizada en los aludidos casos, las cláusulas de exclusión contenidas en las respectivas pólizas relevaban a Triple-S de su obligación de proveer defensa y cubierta cuando el daño

hubiera sido ocasionado por un proveedor de "servicios profesionales". Así las cosas, alegó que, en el caso de marras, la propagación de bacterias en el Hospital había sido el resultado de la negligencia de North Janitorial al realizar los servicios profesionales de limpieza especializada. Por consiguiente, afirmó que, de conformidad con las cláusulas de exclusión, procedía relevarlo de su obligación de proveer defensa y cubierta a SMU. Para sustentar sus alegaciones, Triple-S presentó los siguientes documentos: (1) la *Demanda* presentada el 20 de diciembre de 2013; (2) la Póliza de Seguros, CP-81042699, y; (3) la Opinión emitida por nuestro más Alto Foro en *Rivera Matos et al. v. Triple-S et al., supra.*

El 22 de noviembre de 2023, SMU presentó su oposición a la moción de sentencia sumaria parcial. En síntesis, el apelante arguyó que, la solicitud de sentencia sumaria era prematura, toda vez que se desconocía lo que había provocado la propagación de bacterias en el Hospital. Adujo que, al momento, no existían determinaciones de hechos que justificaran la aplicación de alguna de las cláusulas de exclusión dispuestas en la Póliza de Seguros. Por tanto, sostuvo que no procedía disponer sumariamente de la demanda contra coparte.

El 23 de enero de 2024, el TPI emitió una *Sentencia Parcial,* notificada el 25 de enero de 2024. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la solicitud de sentencia sumaria parcial presentada por Triple-S y, en consecuencia, desestimó la demanda contra coparte instada por SMU.

Inconforme, el 7 de febrero de 2024, SMU presentó una solicitud de reconsideración. Evaluados los escritos de las partes, incluyendo la correspondiente oposición de Triple-S, el 5 de marzo de 2024, el TPI emitió una *Resolución,* en la cual denegó la solicitud de reconsideración instada por SMU.

Insatisfecho aun, el 5 de abril de 2024, SMU acudió ante esta Curia mediante *Apelación* y solicitó la revisión de la *Sentencia Parcial* notificada el 25 de enero de 2024. El apelante realizó los siguientes señalamientos de error:

**Erró el TPI al aplicar el escrutinio incorrecto al análisis de si procede exigir el deber de defensa a una aseguradora y al no conceder la liberalidad en la interpretación de las cláusulas contractuales a favor del asegurado.**

**Erró el TPI al no concluir que las exclusiones de cubierta por "servicios profesionales" y "servicios provistos por proveedores de salud" de la Póliza emitida por Triple S no pueden categóricamente excluir la posibilidad de cubierta pues, según la jurisprudencia aplicable, no todos los servicios provistos por SMU pueden clasificarse como "servicios profesionales" y al no considerar que no existe prueba para establecer que existe un nexo causal entre la existencia de la bacteria Acinobacter Baumanii ("ABCx"), la falta de limpieza en el Hospital UPR Federico Trilla ("Hospital") y que hubiese causado la muerte de los causantes de los demandantes.**

**Erró el TPI al no considerar que lo resuelto en el caso <u>Rivera Matos et al v. Triple-S Propiedad, Inc. y ACE Insurance Company,</u> 2020 TSPR 89, no tiene efecto retroactivo sobre la Sentencia, dictada el 30 de junio de 2017 declarando con lugar la solicitud de sentencia sumaria que presentó SMU y en consecuencia declara ha lugar la demanda contra coparte de SMU, ordenando a Triple-S que provea a SMU cubierta dentro de los límites del Contrato de Seguro y defensa: incluyendo sufragar los gastos de defensa incurridos por SMU hasta el momento más los gastos que se incurran por este concepto mientras concluye el trámite judicial de este pleito.**

El 14 de mayo de 2024, Triple-S presentó su alegato en oposición. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El mecanismo de la sentencia sumaria, Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, le permite al tribunal disponer de un caso sin llevar a cabo una vista en su fondo. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). Dicho mecanismo procesal, es un remedio discrecional; el cual tiene como fin, la solución justa, rápida y económica de controversias, en que lo único por dirimir sean controversias de derecho. *Rodríguez Méndez et al. v. Laser Eye Surgery,* 195 DPR 769, 785 (2016).

Según el aludido precepto reglamentario, el promovente de la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. A su vez, el promovente deberá fundamentar su postura haciendo referencia con "**indicación de los**

**párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos**". (Énfasis suplido). Regla 36.3 (a)(4) de Procedimiento Civil, *supra.*

Por su parte, el promovido tiene que refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria. *León Torres v. Rivera Lebrón,* supra, pág. 44. Así pues, la parte deberá "contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede". Regla 36.3(c) de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra, pág. 43. Así las cosas, la parte que se oponga a una solicitud de sentencia sumaria, no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. Regla 36.3(c) de Procedimiento Civil, *supra.*

Asimismo, al momento de resolver una moción de sentencia sumaria es necesario que el tribunal considere a fondo las alegaciones de la demanda y las defensas presentadas. Ello, con el fin de establecer si existe controversia en cuanto a los hechos materiales o no. Por lo que, de existir dicha controversia, el tribunal no deberá declarar ha lugar una petición de sentencia sumaria. Además, cualquier duda habrá de resolverla en contra de la parte promovente. *Ramos Pérez v. Univisión,* 178 DPR 200, 217 (2010).

El Tribunal Supremo de Puerto Rico ha reiterado que, como regla general, no procede la sentencia sumaria en casos donde estén en controversia "elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión,* supra, pág. 219. Tampoco procede emitir sentencia sumariamente cuando: (1) existan hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material o (4) como cuestión de derecho no procede. *Vera Morales v. Bravo,* 161 DPR 308, 333-334 (2004).

Como al momento de revisar las solicitudes de sentencia sumaria, estamos en la misma posición que el foro primario; nuestra última instancia apelativa ha establecido que la revisión será de *novo*, limitándose a solo considerar los documentos que se presentaron ante el TPI. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015). Por lo cual se descartan "*exhibit[s]*, deposiciones o *affidávit[s]* que no fueron presentadas oportunamente en el foro de primera instancia" o "teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo". *Meléndez González et al. v. M. Cuebas, supra*, págs. 114-115.

A tales efectos, este Tribunal de Apelaciones examinará el expediente de la manera más favorable hacia la parte que se opuso a la moción de sentencia sumaria en el foro primario. Además, revisaremos que la moción de sentencia sumaria y su oposición, cumplieron con los requisitos de la Regla 36 de Procedimiento Civil, *supra*. Por último, evaluaremos si existían hechos materiales en controversia, los que, en caso de haberlos, habremos de cumplir con los criterios de la Regla 36.4 de Procedimiento Civil, *supra,* y procederemos a exponer concretamente cuáles hechos materiales se encontraron que estaban en controversia y cuáles estaban incontrovertidos. *Íd.* Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí. *Meléndez González et al. v. M. Cuebas, supra*, pág. 119.

**III.**

En el ejercicio de nuestra función revisora debemos: 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia

y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas, Inc., supra*, 679.

Cónsono con lo anterior, al realizar nuestra revisión *de novo*, nos corresponde, en primer lugar, determinar si la parte promovente de la moción de sentencia sumaria cumplió con lo dispuesto en la Regla 36 de Procedimiento Civil, *supra*. Particularmente, si incluyó: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y; (6) el remedio que debe ser concedido. *Véase* 32 LPRA Ap. V. R. 36.3. *Pérez Vargas v. Office Depot / Office Max, Inc.*, 203 DPR 687 (2019).

Al examinar *de novo* la moción de sentencia sumaria presentada por Triple-S, nos resulta evidente que no cumplió con los requerimientos mínimos dispuestos en la Regla 36.3 de las de Procedimiento Civil, *supra*. En específico, la Regla 36.3(4), *supra*, exige que el proponente de la moción de sentencia sumaria incluya una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal.

A pesar de la claridad en la porción de la reglamentación citada, en la sección de la moción de sentencia sumaria presentada por el apelado que

refiere a los hechos que no están en controversia, no se realizó una indicación de todos los hechos esenciales y pertinentes sobre los cuales no existía controversia sustancial, con indicación de los párrafos o las páginas de la prueba admisible en la que se establecían los hechos. En cambio, Triple-S se enfocó en discutir lo resuelto en los casos de *Rivera Matos et al. v. Triple-S et al.*, *supra* y *Luis Santa Aponte y otros v. Hospital UPR Dr. Federico Trilla y otros*, caso Civil Núm. F DP2014-0109, obviando así la discusión de los hechos materiales pertinentes al caso de autos.[1] Particularmente, el apelado se limitó a argumentar que las alegaciones en los aludidos casos y el de epígrafe eran "prácticamente idénticas"[2] y, por tanto, el foro primario debía resolver de la misma manera. Nos resulta evidente que, Triple-S no podía presentar como hechos materiales incontrovertidos lo resuelto en casos ajenos al de autos.

Cabe destacar que, el apelado también presentó como hecho incontrovertido que la Póliza de Seguros contiene una cláusula de exclusión, la cual excluye de su cubertura los daños ocasionados por la prestación de "servicios profesionales".[3] Sin embargo, Triple-S no especificó ni probó que la proliferación de bacterias en el Hospital fue el resultado de negligencia en la prestación de algún servicio profesional. Al respecto, el apelado únicamente sostuvo que, "[e]l Hospital tenía contratada a North Janitorial para llevar a cabo los servicios profesionales de limpieza especializada", sin especificar el documento en donde se estableció tal hecho.[4] Aun cuando fuera probado, el hecho citado no era suficiente para determinar que la muerte que propició la demanda de epígrafe fue ocasionada por los servicios profesionales provistos por North Janitorial.

Según hemos reseñado, es la parte promovente de la solicitud de sentencia sumaria a quien le corresponde establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material.

---

[1] Véase, Apéndice de la Parte Apelante, a las págs. 495-499.
[2] Véase, Apéndice de la Parte Apelante, a la pág. 497, párrafo 11.
[3] Véase, Apéndice de la Parte Apelante, a la pág. 497.
[4] Véase, Apéndice de la Parte Apelante, a la pág. 496, párrafo 3.

Por todo lo cual, resulta forzoso concluir que el TPI erró al disponer sumariamente de la demanda contra coparte presentada por SMU en contra de Triple-S, ya que, el apelado incumplió con los requisitos mínimos dispuestos en la Regla 36.3 de las de Procedimiento Civil, *supra*, y porque existen controversias de hechos sustanciales que impedirían dictar sentencia sumaria. Como consecuencia, no nos corresponde la discusión de los errores señalados en el recurso de *Apelación.*

**IV.**

Por los fundamentos que anteceden, se *Revoca* la *Sentencia Parcial* apelada y se devuelve al TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones